7249

## RITTER v. ATLANTIC COAST LINE R. R. CO.

LIVE STOCK—RAILROADS—NEGLIGENCE—PRESUMPTIONS—APPEAL.—Finding an animal dead on a railroad track raises a presumption of negligence on the part of the railroad company, which continues until it is rebutted by the evidence of the defendant. Where the evidence is conflicting in magistrate's court, this Court cannot consider whether the presumption has been overcome.

214                    RITTER v. RAILROAD CO.

Before MEMMINGER, J., Colleton, July, 1908. Affirmed.

Action by A. R. Ritter against Atlantic Coast Line R. R. Co., in court of Magistrate J. E. Bryan. From order sustaining magistrate's judgment, defendant appeals.

*Mr. Jas. E. Peurifoy,* for appellant, cites: *Plaintiff must show negligence:* 31 S. C., 152. *Artificial presumption is overcome by uncontradicted evidence:* 4 Rich., 337; 20 S. C., 255; 20 S. C., 254; 26 S. C., 64.

*Messrs. Padgett & Lemacks,* contra, cite: *Presumption remains until overcome:* 26 S. C., 54; 31 S. C., 517; 20 S. C., 258; 24 S. C., 132. *This Court cannot review the facts:* 73 S. C., 82; 61 S. C., 73; 70 S. C., 216, 555; 62 S. C., 408; 70 S. C., 180; 45 S. C., 496.

July 19, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced before a magistrate to ,recover damages for the killing of two cows belonging to the plaintiff.

The magistrate rendered judgment in favor of the plaintiff for $35, whereupon the defendant appealed to the Circuit Court. The appeal was dismissed, and the defendant has appealed again, upon several exceptions, which raise, in different form, the question presented by the first exception, which is as follows:

"That the presiding Judge was in error in affirming the judgment of the magistrate, and in dismissing the appeal, because the presumption of negligence, arising from the mere fact that the stock was found dead on the defendant's right of way, was overcome by the uncontradicted testimony of the defendant to the effect that such killing was an unavoidable accident."

The killing of the stock by the defendant raised the presumption of negligence, which continued throughout the case, but subject to be overcome by the testimony of the defendant.

In the case of *Mack* v. *Ry.*, 52 S. C., 323, the Court said: "The killing of the mule by the defendant raised the presumption of negligence on the part of the defendant, and this presumption continued until it was rebutted by the testimony. The fact that the witnesses were examined by the plaintiff in regard to the killing of the mule did not destroy the presumption arising from the mere fact of killing, nor prevent the application of that rule. If the facts showed that there was no negligence, then, of course, the presumption would be ineffectual."

A similar doctrine is announced in the case of *Griffith* v. *Ry.*, 82 S. C., 252.

Under these decisions it can not be said that there was no evidence in favor of the plaintiff; and, as the evidence was conflicting, the findings of fact by the Circuit Court are not the subject of review by this Court.

The appeal is dismissed.