7747

### BRYAN v. DONNELLY.

1. COLOR OF TITLE.—AN INVALID DEED may be relied on to show the presumption of a grant and as color of title.

2. ADVERSE POSSESSION.—Charge considered as a whole held not to have instructed jury that successive adverse holdings under color of title could be tacked to make out title by adverse possession.

3. PRESUMPTION OF A GRANT may arise from connected successive holdings under color of title for the requisite period and such instruction could not be prejudicial to the rights of appellant if there was no evidence to support it.

4. COLOR OF TITLE.—AN INSTRUCTION that the jury may consider an invalid deed as color of title, such being the fact is not a charge on the facts.

5. REQUEST—ADVERSE POSSESSION—PRESUMPTION OF GRANT.—The request to instruct the jury that there is no evidence to prove adverse possession previous to a stated time is defective, because it does not distinguish between the possession necessary to presume a grant and that to make out title under the statute.

Before HENRY MULLINS, Special J., Wiliamsburg, March, 1910. 'Affirmed.

Action by W. D. Bryan against P. R. Donnelly. From judgment for plaintiff, defendant appeals on following exceptions:

First. "Because his Honor erred in charging the plaintiff's first request as follows:

" 'Where there has been for a period of twenty years or more, a continuous adverse possession of land, either by a single person, or by a number of persons successively, such successive possession being connected in law with each other by instruments of writing amounting to color of title, the law will presume that such possession originated in a grant from the State.'

"The error being that in this case the origin of the plaintiff's title having commenced with D. M. Duke, auditor of Williamsburg county, there could be no presumption of a grant.

Second. "Because his Honor erred in charging the plaintiff's second request as follows:

" 'If the jury find from the evidence that the plaintiff, his predecessors and grantors possessed the premises in dispute, or a tract of land of which they formed a part, for the period of twenty years, and that such possession was adverse, and that such possession continued for a period of ten years prior to the commencement of this action, then they must find that the plantiff has established a good title to the land in dispute, and must render a verdict in his favor.'

"The error being that the jury was misled by such instruction, as it was calculated to lead them to believe that a party could acquire title by adverse possession by connecting their respective possessions under a color of title.

Third. "Because his Honor erred in instructing the jury in the third request as follows:

" 'If the jury find from the evidence that Ceth S. Land and Geo. E. Prichett went into possession of the premises in dispute, or of a tract of land including said premises as a part thereof, under an instrument of writing made and executed by D. M. Duke, county auditor for Williamsburg county, on the 15th day of June, 1872, and held the same adversely, claiming title thereto, there was a continuous adverse possession thereof by a number of persons succes-

sively, such successive possession being connected in law with each other by instruments of writing amounting to a color of title, that such successive possession continued for a period of twenty years or more, then such possession, at the end of the said period of twenty years was presumed to have originated in a grant from the State.'

"The error being in instructing the jury that the law would presume a grant from the State when the plaintiff showed the origin of his title to commence with D. M. Duke, county auditor, there being no presumption of law that a grant was made to such auditor.

Fourth. "Because his Honor erred in charging the jury, as contained in the ninth request, that,

" 'Occasional acts of trespass by others, even though claiming under color of title, would not necessarily prevent the ripening of and adverse possession into title.'

"Was a charge upon the facts in violation of the Constitution of this State prohibiting Judges from charging juries with respect to matters of fact.

Fifth. "Because his Honor erred in charging the plaintiff's eleventh request that,

" 'If the jury find from the evidence that the plaintiff and defendant claim title to the land in dispute from a common source, and that the plaintiff has shown a better claim of title thereto than that shown by the defendant that they would render their verdict for the plaintiff.'

"The error being that there is no evidence in this case tending to show that the plaintiff, or those under whom he claimed, ever acquired any title from Edward Whitte or his heirs at law.

Sixth. "Because his Honor erred in modifying the defendant's seventh request, when he said,

" 'I charge you that, but I charge you further that that deed has been admitted into evidence, and, as a matter of law, it can be used as a color of title, raising the presump-

tion of a grant so far as it can be used by the jury as a fact, on which I have no right to charge you.'

"The error being that a deed from the county auditor purporting to convey the land for delinquent taxes cannot be used as a basis for color of title from which a presumption of a grant would arise.

Seventh. "Because his Honor erred in charging the jury that they could consider the deed from Chazel to Mowry as a color of title, in that he charged with respect to matters of fact in violation of the Constitution of this State.

Eighth. "Because his Honor erred in refusing to charge defendant's twelfth request as follows:

" 'The jury is instructed that there is no evidence tending to prove adverse possession of any of the parties under whom plaintff claims in this case prior to 1887.'

"For that it appeared from the testimony that none of the successive holders of the said land commencing in 1872 held the same continuously for ten years, under a color of title, and the defendant was entitled to have this instruction given to the jury.

Ninth. "Because his Honor erred in modifying the defendant's fourteenth request, which was intended to instruct the jury that when a party comes into Court and discloses the origin of his title, as in this case, he cannot fall back upon a presumption of a grant from the State, but must stand or fall upon the title which he presents, the modification being calculated to confuse the jury, and to lead them to believe that they could consider the origin of his title."

*Messrs. Holman & Baker,* for appellant. *Mr. Holman* cites: *As to presumption of a grant:* 63 S. C. 154; 40 S. C. 168. *The ten-year period cannot be made up by adding different holdings:* 14 S. C. 180. *Charge that occasional acts of trespass would not prevent the ripening of an*

*adverse possession into title is on the facts:* 68 S. C. 153, 276; 62 S. C. 546; 71 S. C. 156; 84 S. C. 568.

*Messrs. Kelley & Hinds,* contra, cite: *Invalid deed may avail as color of title:* 71 S. C. 322. *Possessions may be tacked to make up time to presume a grant:* 59 S. C. 454. *Grant is presumed as when party first began to hold possession:* 16 S. C. 141. *Occasional acts of trespass would not necessarily prevent ripening of adverse possession into title:* 22 S. C. 366; 78 S. C. 513; *and charge to that effect is not on the facts. Charge that if both parties claim from common source, he who shows the better title from such source is entitled to the verdict, is correct:* 15 S. C. 478, 269; 22 S. C. 133. *Invalid deed from auditor may be used as color of title from which presumption of grant may arise:* 2 McN. 663; 42 S. C. 146; 2 Rich. 629; 2 Hill 495; 16 S. C. 469. *Twenty years' continuous adverse possession presumes a grant:* 2 Rich. 22; 48 S. C. 488. *Where a plaintiff has disclosed the origin of his title he cannot afterwards abandon that and rely on adverse possession or the presumption of a grant:* 71 S. C. 322.

December 29, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover the possession of land.

The defendant denied the allegations of the complaint as to ownership, and set up the defenses of adverse possession and presumption of a grant. The jury rendered a verdict in favor of the plaintiff for possession of the land, and the defendant appealed upon exceptions, which will be set out in the report of the case.

The following statement is set out in the record:

"It appears that Edward Whitte, once owned the land in dispute, and that he died about the year 1850, that he left several children, that a daughter married Passailaigue, and

·that one son was born of this marriage, J. E. Passailaigue; that after the death of her husband, Passailaigue, she married Baker. That Mrs. Baker died about 1892, leaving J. E. Passailaigue as her sole heir and distributee at law. That the land described in the complaint, was assigned to Mrs. Baker, in the division of the estate of Edward Whitte. It appears that D. M. Duke, as auditor of Williamsburg county, made a deed of conveyance to the land in dispute, in 1872 to C. S. Land and Geo. E. Pritchett; that he attempted to convey said land, as the estate lands of Edward Whitte, and the Court declared said deed in this action invalid, for the purpose of conveying the title, but the same was held to be admissible as a color of title. Plaintiff showed a complete chain of paper title, back to and including the deed of B. M. Duke, auditor."

We proceed to consider the questions presented by the exceptions.

First, third, sixth and ninth exceptions: These exceptions will be considered together.

The plaintiff requested his Honor the presiding Judge to charge as follows:

"The jury is instructed that the deed from the auditor of Williamsburg county bearing date in 1872, introduced in evidence by the plaintiff, conveyed no title to the grantee named therein; and that the same was and is absolutely void as a deed of conveyance, to pass title to the land in question, and they must disregard it as such."

In disposing of the request he said: "I charge you that, but I charge you further that that deed, has been admitted into evidence, and as a matter of law, it can be used as color of title, raising the presumption of a grant, so far as it can be used by the jury as a fact, on which I have no right to charge you."

The statement hereinbefore mentioned shows, that the Court declared the deed invalid, for the purpose of convey-

ing the title, but was admissible as color of title.   There are two reasons why these exceptions can not be sustained: (1) They are based upon a misapprehension of fact, as it clearly appears that the deed was only introduced in evidence as color of title, and (2) even if the deed had been introduced, for the purpose of showing the origin of the plaintiff's title, it would not have precluded him, from relying upon the presumption of a grant.   *Mack* v. *Ry.,* 52 S. C. 323, 29 S. E. 905, 40 L. R. A. 679; *Ritter* v. *Ry.,* 83 S. C. 213, 65 S. E. 175.

Second exception: The presiding Judge at the request of the defendant's attorney charged: "That successive adverse holders of land, under color of title, cannot unite their possession, so as to establish a title by adverse possession."   This instruction and the charge when considered in its entirety, show that the exception cannot be sustained.

Fourth exception: Even if there was error, the appellant has failed to show that it was prejudicial.

The ruling however is sustained by the case of *Love* v. *Turner,* 78 S. C. 513, 59 S. E. 529.

It will be observed, that no objection is urged against the charge as a correct proposition of law, but simply that there was no testimony tending to show, that the plaintiff, or those under whom he claims, ever acquired title from Edward Whitte or his heirs.   If there was no such testimony, then we fail to see, wherein the charge was prejudicial to the rigths of the appellant; especially as the proper mode of taking advantage of the entire absence of testimony, was either by a motion for nonsuit, or the direction of a verdict in favor of the defendant.

Seventh exception: This exception must be overruled, for the reason that the deed was unquestionably color of title, and, so charging, was not in violation of section 26 article V of the Constitution.

Eighth exception: In order to constitute the presumption of a grant, the possession must be adverse as well as in cases where possession for the statutory period of ten years, is relied upon, to confer title. *McLeod v. Rogers*, 2 Rich. 19; *Metz* v. *Metz*, 48 S. C. 472, 26 S. E. 787.

The request to charge was defective, in that it failed to state whether it had reference to possession, necessary to make out the presumption of a grant, or to possession for the statutory period of ten years.

Affirmed.