7296

## WEINBERG v. ATLANTIC COAST LINE R. R. CO.

CARRIER—FREIGHT.—The finding by the magistrate in this case that the value of the freight lost was computed at its value at place and time of shipment, affirmed by the Circuit Court, and supported by the evidence, is affirmed here.

Before WILSON, J., Sumter, July, 1908.     Affirmed.

Action by Sam Weinberg against Atlantic Coast Line Railroad Company, in magistrate's court. From Circuit order affirming judgment of magistrate, defendant appeals.

*Mr. Mark Reynolds,* for appellant, cites: *Stipulations in bill of lading are binding on shipper:* 6 Cyc., 400, 401, 404; 10 S. C., 353; 62 S. C., 414; 73 S. C., 289; 79 S. C., 159.

*Messrs. Lee & Moise,* contra.     Oral argument.

October 5, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced before a magistrate to recover damages for the loss of thirteen bundles of ties of the value of $15.34, together with 52 cents freight, actually paid thereon, being the *pro rata* of the freight on the whole shipment from Sumter, S. C. to Wedgefield, S. C., and also for the penalty of $50.00, for failure to pay the claim within the time required by the statute.

The magistrate rendered judgment in favor of the plaintiff for the sum of $15.86, with interest thereon, and for the penalty of $50.00, together with the costs of the action.

This judgment was affirmed, on appeal to the Circuit Court, whereupon the defendant appealed to this Court upon the following exceptions:

"Because said magistrate erred in not finding and holding that the amount of the loss in this case 'shall be computed at the value of the property at the place and time of shipment,' under the stipulation of the bill of lading herein, and instead computing the valuation at the delivery price paid by the plaintiff, and in addition thereto freight paid by him, and in awarding any penalty in this case."

The defendant moved for judgment in the case, and, failing in that, moved that, at least, there be a nonsuit as to the $50.00 penalty, on the ground of the stipulation and requirement of the third clause in the bill of lading.

The only testimony as to the value of the thirteen bundles of ties was brought out by the appellant's attorney on the cross-examination of the plaintiff, as follows:

"Q. I see this stipulation in your contract, or bill of lading, which you have introduced in evidence (the amount of any loss or damage for which a carrier becomes liable shall be computed at the value of the property at the place and time of shipment, unless a lower value has been agreed upon by the rate of freight which is charged, in which event such lower value shall be the maximum price): In filing your claim with the agent, at destination, how did you compute the value of the thirteen bundles? A. My invoice called for a price of so much a bundle. I divided by twenty and then multiplied by thirteen. Q. Will you swear that $1.18 was the value of those ties at the point of destination? A. I will swear that I paid $1.18 for those ties right here. Q. Did you not swear that $1.18 was the value of those ties at the point of shipment; that is what I want to get at? A. That must have been their value; I bought them at that price."

This testimony tends to show the value of the ties at the place of shipment. The defendant did not introduce any testimony.

As the finding of the magistrate was supported by testi-

mony, and this Court can not review the facts, the exception must be overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.