November 30, 1909. The opinion of the Court was delivered by
This appeal is from the judgment of the Circuit Court, affirming the judgment of a magistrate in Sumter county, for loss and damage, $5.75, to a shipment of one hundred barrels of flour from Terre Haute, Ind., to plaintiff at Wisacky, S.C. and the statutory penalty of $50 for failure to adjust claim.
With respect to the penalty, the judgment must be affirmed for the reasons stated in the opinion of the Court, in the case of R.M. Jenkins v. Atlantic Coast Line R.R.,ante, 343, for the recovery of the statutory penalty, for failure to settle the claim for the loss of fourteen barrels of flour, which has just been filed.
Nor do we find anything in the exceptions justifying reversal of the judgment in other respects. The objection to the admission of the deposition, on the ground that it was not properly sealed up, cannot be sustained, as shown in R.M. Jenkins v. Atlantic Coast Line R.R., ante, 343, and Sam Weinberg v. Atlantic Coast Line R.R., 83 S.C. 468. It is further alleged that the deposition was in a tattered condition when received through the mail. If the trial Court was, nevertheless, satisfied of the identity and authenticity of the deposition, and that the condition was not the result of tampering or fraud, the Court was not bound to reject the deposition. A substantial compliance with the statutory directions is all the law requires. Moreover, the depositions were not essential to the respondent's case, and if rejected could not have altered the result.
It is contended that it was error to affirm the judgment of the magistrate for the delivered price of the flour at Wisacky, S.C. when the contract called for the value at the place of shipment. There was testimony that the price *Page 360 
of the flour delivered at Wisacky, S.C. freight prepaid by the shipper, was $4.50 per barrel, and as there was no other testimony as to value, it was not improper to hold such to be the value at the place of shipment, since after delivery to the carrier and prepayment of freight, at the place of shipment, under a contract of transportation, a new element of value attached at the place of shipment. A limitation of liability as to the value at the place of shipment should be construed to mean the value when delivered to the carrier, under contract of transportation, which would reasonably include freight paid either by the shipper or consignee, since property under such circumstances, at the place of shipment, would reasonably be worth the invoice price, with freight added. 6 Cyc., 401;Pierce v. So. Pac. (Cal.), 40 L.R.A., 355.
The remaining exceptions noticed in argument depend upon the determination of questions of fact, and since there was some testimony tending to support plaintiff's contention, no error of law is shown.
It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.
MR. CHIEF JUSTICE JONES and MR. JUSTICE WOODSconcur under the authority of Jenkins v. R.R., just decidedby the Supreme Court en banc.