8039

SAUNDERS v. SOUTHERN RY.

1. CARRIER—FREIGHT—EVIDENCE.—The invoice price of goods is not controlling as to the value, and under a bill of lading providing that in case of loss the damage shall be computed at the value of the goods at the time and place of shipment, evidence as to value at that place outside of invoice is competent, and the freight charges to destination may be added.

2. APPEAL—MAGISTRATE COURT.—Where a finding by the Circuit Court on appeal from magistrate is supported by any evidence it is final.

3. IBID.—IBID.—ADMISSION OF EVIDENCE as to value at destination, not far from point of shipment, can only be sustained on ground that it bears remotely on question of value at point of shipment under bill of lading providing that value at point of shipment shall be basis of loss.

4. CARRIER—WAREHOUSEMAN.—There being no evidence to show carrier gave notice that it was holding the freight as warehouseman, the instruction that the duty of the carrier was ordinary care was too favorable to it.

5. IBID.—PRINCIPAL AND AGENT.—Request to charge that if the agent agreed to keep goods for a while after payment of freight, as accommodation to consignee, he acted without the scope of his authority and his act was void, properly refused here, as there was no evidence to support such request.

6. IBID.—WAREHOUSEMAN—CONTRIBUTORY NEGLIGENCE.—That consignee paid freight charges and signed the way bill without immediately moving freight would not show that carrier was liable as warehouseman, nor that plaintiff was guilty of contributory negligence.

Before W. C. DAVIS, Special Judge, Sumter, April, 1910. Affirmed.

Action by George M. Saunders against Southern Ry. Co., in the court of Magistrate H. Harby. From Circuit order affirming judgment of magistrate court, defendant appeals on the following exceptions:

I. "Because his Honor committed error of law in holding that there was no sufficient evidence to show that the consignee agreed to any condition of the receipt or bill of lad-

ing for the goods, or that he acted upon said bill of lading, there being no evidence upon which to base such findings, as it is demonstrated by the record that the consignee did agree to the terms of the bill of lading by accepting same and filing it as a part of his claim, and that he did act upon it in that he put it in evidence as his contract with the defendant, the railway company, in this case.

II. "Because his Honor committed error of law in holding, 'Even if he was bound by all of its conditions, still the verdict should stand, as there is ample evidence to show that the value of the goods, at the point of shipment, including the freight, was at least as much as the amount of the claim filed.' Whereas, there was absolutely no legal evidence to show that the value of the goods, at the point of shipment, was over fifteen and 15-100 dollars—with the freight added, it was only fifteen and 50-100 dollars—whereas, the claim filed was for sixteen dollars.

III. "Because his Honor erred in holding that 'substantial justice has been done between the parties;' whereas, a penalty of fifty dollars was imposed upon the defendant by reason of an erroneous judgment being rendered for the alleged value of the goods at the point of destination with fictitious, speculative profit added thereto.

IV. "Because his Honor erred in sustaining the magistrate in allowing the plantiff to testify, over the objection of the defendant, as to the market value of the goods at Claremont, S. C., the point of destination, or the nearest point at which the goods had a market value. Whereas, he should have ruled out such testimony as irrelevant—value according to the bill of lading put in evidence by the plaintiff—being computed in case of loss or damage at the time and place of shipment.

V. "Because his Honor erred in sustaining the magistrate in allowing the plaintiff all the way through the record to testify that the goods were of the value, and were worth 15 to 20 per cent. more than he paid for them at the point

of shipment, to wit, twenty dollars. Whereas, he should have ruled out all such testimony as irrelevant, the contract having fixed the basis of valuation at the point of shipment, to wit, fifteen dollars and fifteen cents.

VI. "Because his Honor erred in sustaining the magistrate in refusing defendant's fifth request to charge, which was as follows: 'That under the bill of lading, or contract, the amount of any loss or damage, for which the carrier becomes liable, shall be computed at the value of the property at the time and place of shipment. Consignee cannot add to this the value at Claremont, S. C., or the point of destination, and then add freight charges.' Whereas, he should have charged the said request as it contained the stipulation in the bill of lading which the plaintiff acted under, and which plantiff put in evidence as his contract with the defendant in this case.

VII. "Because his Honor erred in sustaining the magistrate in refusing to charge the defendant's seventh request to charge, which was as follows: 'If you believe the plaintiff accepted this bill of lading in evidence as the contract in this case, and the value of the property shipped thereunder is fixed at the value at the point of shipment, plaintiff is bound by that value, and can only recover the value at Camden. If he accepted the bill of lading and acted upon it he is bound by its terms.' Whereas, said request contained a sound proposition of law applicable to this case, and the jury should have been thus charged.

VIII. "Because his Honor erred in sustaining the magistrate in refusing to charge defendant's third request to charge, which was as follows: 'The goods may, no doubt, be left in the hands of the carrier after reaching their destination and the consignee has had opportunity to take them, as that the further duty of the carrier with reference thereto is only that of an accommodation or gratuitous bailee, or custodian, with no right on the part of the carrier to collect charges for keeping, and no duty to exercise more

than slight care—in such case the carrier will be liable, it is said, for only gross negligence.' The magistrate modified the request, charging the jury that the carrier is required to use ordinary care, and by striking out the word 'gross' and inserting 'ordinary.' Whereas, the said request was a sound proposition of law and pertinent to the circumstances of the case.

IX. "Because his Honor erred in sustaining the magistrate who refused to charge defendant's fourth request to charge, which was as follows: 'If you believe, from the preponderance of the evidence, if such evidence there be, that the freight was tendered by the carrier and was receipted for by the consignee, and the charges thereon paid by the plaintiff, and that there was an agreement on the part of Mr. Hughes, the carrier's agent, as a personal matter, to hold the goods a day or two, or for any time subsequent, to enable the consignee to send for them, at consignee's convenience, and this was against the rules of the carrier, then, I charge you the act of the agent was beyond the scope of his authority, and the carrier would be released from his responsibility to the consignee.' Whereas, he should have charged the jury the said request, as it was a sound proposition of law and applicable to the case.

X. "Because his Honor erred in sustaining the magistrate who refused to charge the jury as requested, that if they believed, from the preponderance of the testimony, that it was the contributory negligence of the plaintiff, which was the proximate cause of the loss, they should find for the defendant. And in limiting his charge to the jury solely upon the issue of the negligence of the defendant, when the answer set up the contributory negligence of the plaintiff as a proximate cause of the loss. Whereas, said magistrate should have charged that if the jury believed from the weight of the evidence that the receipting for the freight at the depot by the plaintiff and the leaving said freight at the depot from the 4th of March to the 9th of March by the

plaintiff, if such were the facts, contributed to the loss as a proximate cause, they should find for the defendant.

XI. "Where the evidence, as in this case, is uncontradicted and is to the effect that the consignee on the 4th of March, 1909, paid the freight charges, and the freight remained in the depot until the 9th day of March, and the consignee having receipted for the freight and told the agent his wagon would call for it, no act of the carrier preventing its removal, the Court should have decided that the liability of a common carrier had ended. Whereas, he did not so hold, but on the contrary, that defendant was liable as a common carrier."

*Mr. Mark Reynolds,* for appellant, cites: *Stipulation that damage for loss shall be measured by value at point of shipment is valid:* 6 Cyc. 401; 84 S. C. 360; 70 S. C. 159; 62 S. C. 414; 19 S. C. 353; 83 S. C. 470; 84 S. C. 361; 84 S. C. 358; 78 S. C. 306. *Invoice price is best evidence of value at point of shipment:* 84 S. C. 358; 6 Cyc. 401; 40 L. R. A. 355; 84 S. C. 252. *Holding goods after freight paid as accommodation makes carrier gratuitous bailee:* 6 Cyc. 460; 37 S. C. 452; 76 S. C. 9; 77 S. C. 76; 84 S. C. 62; 85 S. C. 78.

*Mr. L. D. Jennings,* contra.

November 18, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action was brought in a magistrate court to recover $16.00 alleged value of a shipment of goods, consisting of one sack of sugar, one sack of rice and one box soap, and fifty dollars penalty for failure to adjust the claim within the time required by law. The magistrate gave judgment for $66.00, the full amount claimed, and on appeal therefrom the Circuit Court, Hon. W. C. Davis, special Judge, presiding, affirmed the judg-

ment, holding that no prejudicial error had been committed and that substantial justice had been rendered.

It appears that the goods were shipped at Camden, S. C., by the Camden Wholesale Grocery Company, on March 1, 1909, consigned to plaintiff at Claremont, S. C., and were destroyed in the fire which burned up the Claremont depot and contents on March 9, 1909.

The bill of lading stipulated that "the amount of any loss or damage for which any carrier becomes liable shall be computed at the value of the property at the place and time of shipment, etc." Granting that such a stipulation is binding on a shipper or consignee, there was some testimony that the value of the goods at the place of shipment was equal to the amount claimed therefor and the Circuit Court held that the testimony was ample to show that fact. It is true the invoice of the goods showed the invoice price to be $15.15, but the invoice price is not the conclusive test of value. The goods may have been worth more or less than the invoice price, dependent upon the circumstances. Value at the place of shipment means value when delivered to the carrier under contract of shipment and would certainly allow freight to be added to the invoice price. *Kelly* v. *Southern Ry.*, 84 S. C. 252, 66 S. E. 198; *DesChamps* v. *Railroad Co.*, 84 S. C. 360, 66 S. E. 414.

The freight paid was thirty cents. But the plaintiff testified that the goods were worth more than $16.00 in Camden, S. C., the place of shipment. The conclusion of the Circuit Court that the value of the goods at the place of shipment was as great as claimed, being supported by the evidence, is final, hence the first, second, and third exceptions which depend upon a contrary view of the facts, cannot be sustained.

The admission of testimony as to the market value of the goods at Claremont, S. C., the point of destination, which

is the basis of the fourth and fifth exceptions, can only be sustained as bearing somewhat remotely on the question of value at the place of shipment, since the two places are not far apart and the conditions creating value may not be materially different, but, waiving this, there was no prejudice in the ruling, since the Circuit Court has finally adjudged that the evidence showed the value at the place of shipment sufficient to support the claim as filed.

The magistrate refused to charge certain requests of defendant to the effect that the carrier would not be liable for the value of the property at the place of shipment and that the consignee cannot add to this the value at Claremont, the destination, and in addition thereto the freight charges. The requests were faulty in not making it clear that in estimating value at the place of shipment the freght charges may be taken into consideration, as shown in the Kelly and DesChamps cases, *supra.* Hence the sixth and seventh exceptions cannot be sustained.

The defendant requested the magistrate to instruct the jury as to the rule of liability with respect to a gratuitous bailee, and that such rule required the exercise of only slight care on the part of the bailee and imposed liability for only gross negligence. The magistrate modified the request so as to hold the carrier to the duty of ordinary care. There was no testimony to show that the defendant gave notice that it would no longer hold as warehouseman and would not insist on charges as such, hence there was no basis in the testimony for instruction on the subject of a gratuitous bailee. *Brunson & Boatwright* v. *Railroad,* 76 S. C. 13, 56 S. E. 538; 9 L. R. A. (N. S.) 577, note.

Whatever liability existed against defendant in this case was either as carrier, liable as an insurer, or as warehouseman liable for failure to exercise ordinary care. Hence the charge as given was too favorable for defendant, and the eighth exception must be overruled.

The refusal of the magistrate to charge defendant's fourth request, which is the basis of the ninth exception, does not warrant reversal, because there was no testimony tending to show that the defendant's agent agreed to hold the goods in the depot as a mere matter of personal accommodation and convenience and at the risk of the consignee, contrary to the rule of the company.

The fact that the plaintiff paid the freight charges and signed the waybill, without immediately removing the goods, which had arrived a few days before the fire, would not tend to show that defendant was not liable as warehouseman for negligence.

The refusal to submit the matter of contributory negligence to the jury of which complaint is made in the tenth exception, affords no ground for disturbing the judgment, as there was no testimony of any such negligence of plaintiff.

The fact that the goods may have remained in the depot from March 4 to March 9, after plaintiff had paid the freight charges and signed the waybill, does not tend to show contributory negligence of the plaintiff. This may tend to show that defendant's liability as common carrier had ceased and that the liability was only as warehouseman.

We do not understand that the Circuit Court held defendant liable as common carrier as complained in the eleventh exception. The conclusions of the Circuit Court were that substantial justice has been done between the parties, and if there was error committed by the magistrate it was harmless. The judgment may well be rested on the theory of the defendant's liability as warehouseman.

The judgment of the Circuit Court is affirmed.