8248

## MATTHEWS v. INDUSTRIAL LUMBER CO.

1. APPEAL—MAGISTRATE COURT.—If there is evidence to support a finding in a magistrate court concurred in by the Circuit Court, such finding will not be disturbed on appeal.

2. MASTER AND SERVANT—RULES.—The reasonable rules of an employer for the government of his employees will be enforced unless waived. Penalty for violations of ordinary rule is discharge. In the absence of evidence showing an employee contracted that he would forfeit a particular portion of his wages if he should violate a rule of the employer requiring him to punch his time in a clock, his failure to do so will not deprive him of his wages for the time actually worked.

Before PRINCE, J., Aiken, April term, 1911. Affirmed.

Action by J. F. Matthews against Industrial Lumber Co. in court of Magistrate T. L. Hahn. From Circuit order affirming magistrate judgment, defendant appeals.

*Mr. Geo. T. Jackson,* for appellant, cites: *Not necessary to prove actual damages:* 7 L. R. A. 286 h. n. 2. *Regulations for forfeiture generally held valid:* 26 Cyc. 1046; 3 Am. Dig. 1908 a. p. 1812, section 73; 30 Am. St. R. 865; 58 Am. Dec. 718; 7 L. R. A. 287. *Mutuality not required:* 58 Am. Dec. 718. *Employee must have notice, but need not*

*sign:* 58 Am. Dec. 721. *Posting sufficient:* 26 Cyc. 1161; 37 Am. R. 651; 15 S. E. 522. *Assent may be presumed by service after notice:* 34 Cent. Dig. col. 537, sec. 90; 58 Am. Dec. 718, 722. *Stipulation is part of contract:* 26 Cyc. 1126; 12 N. E. 280; 23 At. 607; 115 Moss. 23; 30 N. H. 487; 58 Am. Dec. 720. *Regulation need not contain express words of forfeiture:* 58 Am. Dec. 722; 34 Cent. Dig. col. 537, sec. 90; 26 Cyc. 1648; 84 Mo. App. 526.

· *Mr. E. Foster Brigham,* contra, cites: *Contract does not provide for liquidated damages:* 13 Cyc. 90; 5 Miss. 123; 9 Ia. 599, 265; 38 N. Y. 71; 2 Am. Dec. 160; 13 Cyc. 93, 95; 2 Rich. 254. *Rule is to treat sum as penalty or forfeiture:* 13 Cyc. 95. *Not analagous to "notice to quit" cases:* 6 Am. St. R. 332; 30 Am. St. R. 614, 867. *Rule provides for no penalty for forfeiture:* 101 Ga. 625; 13 Cyc. 97; 19 S. C. 425; 9 S. C. 344. *Penalty was discharge after payment of wages:* 26 Cyc. 1041; 2 S. C. 256.

July 9, 1912.　The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an appeal from judgment in a magistrate's court in favor of plaintiff, affirmed in the Circuit Court by the presiding Judge. There is no conflict in the evidence, the facts being admitted, and it is so conceded by appellant's and respondent's attorneys. The appeal really presents a question of law.

The plaintiff brought his action against the defendant to recover the sum of $2.10 for one day's work at twenty cents an hour, earned by him as a frame builder, for which payment was demanded and refused. The defendant admitted that the plaintiff worked on the day in question, December 20, 1910, the number of hours shown by his shop time card, and the only ground upon which they refused to pay was that plaintiff had failed to punch on that day a mechanical time clock device installed by the defendant

which all employees were required to punch when going on and off duty by a rule posted on said clock. The rule read: "All employees must note that this time clock is for their individual protection, and should any one be so careless as to neglect their own interest, by failing to register in and out, there is no one connected with this company that has the authority to make corrections, and from this day on, a man's time card will be taken as evidence of his time, unless he is sent out by the superintendent of his department, who, in that event, will record for his time. (Signed) T. G. Philpot, V. P."

There was another rule or regulation of the company posted at the drinking places which was: "Mr. Redfern, Supt.—It seems impossible to get your men to appreciate the importance of turning in their time cards. In future any one neglecting to turn in their time cards, will not consider the clock cards as sufficient evidence of his time. (Signed)    T. G. Philpot, V. P."

There was no written contract between the parties. Upon verdict for the plaintiff in the magistrate's court defendant appealed to Circuit Court and alleged error in not granting *nonsuit,* as moved for by defendant, and alleged certain errors of law by the magistrate in his charge to the jury.

His Honor, Judge Prince, overruled the exceptions and dismissed the appeal, whereupon defendant appeals and asks for a reversal on the grounds that his Honor erred in not sustaining defendant's appeal on each and every ground; in not sustaining defendant's motion for a *nonsuit* in that the evidence showed that there was a regulation of defendant, known to the plaintiff, requiring employees to punch the clock to indicate the time for which they were to receive pay and, showed, further, that on the day in question, December 20, 1910, plaintiff failed to punch the clock at all and there was no clock record of any time put in by him that day and that there was no evidence to support the verdict.

Here we have a finding of fact in the magistrate's court, concurred in by the Circuit Judge on appeal.

We have held repeatedly that a judgment founded on facts in the magistrate's court, affirmed by the Circuit Court, will not be disturbed by this Court if there is any testimony to support it. *State* v. *Powell, ante* 5, and cases therein cited. There is such testimony here, but the defendant seems to want this Court to indicate some rule by which such business can be governed. Any company can adopt such reasonable rules for the conduct of their business as they see fit and proper and as seems expedient to them, provided they are not in contravention of public policy or the law of the land. If the plaintiff violated the reasonable rules of defendant and defendant had not waived its rules the plaintiff could have been discharged by the defendant. Parties can contract mutually with each other and be bound mutually by the terms of the contract. There is no testimony in this case that shows that there was any agreement between the plaintiff and defendant that a sum should be forfeited by the plaintiff if he should violate any of defendant's rules even if those rules were reasonable. "Acts of an employee sufficient to justify a dismissal will not justify a refusal to pay less than the stipulated price for the work where such acts produce no pecuniary loss to the employer who did not discharge the employee although aware thereof." *McCracken* v. *Hair,* 2 Speers Reports, 25.

In this case there is no testimony that the plaintiff had assented to the rules even though he knew of them or his attention had been especially called to them. He was not bound by any rules that he had not contracted to observe or was not incident to or assumed by him in the general scope of his employment. This Court held in *Norman* v. *Southern Ry. Co.,* 65 S. C. 517, 44 S. E. 83, "that a passenger paying full fare for a general ticket is not bound by limita-

tions printed thereon unless his attention has been especially called to them and he has assented thereto."

Here plaintiff performed work required and was entitled to be paid.

Appeal dismissed.