### 11247

### JEFFERSON v. COASTAL LIFE INS. CO.

#### (117 S. E., 721)

APPEAL AND ERROR—SUPREME COURT CANNOT REVIEW JUDGMENT ON ISSUES OF FACT.—The Supreme Court has no jurisdiction to review a judgment of a magistrate, rested on issues of fact and affirmed by the Circuit Judge.

Before N. G. EVANS, Special Judge, Barnwell, December, 1922. Affirmed.

Action by Godfrey Jefferson against Coastal Life Insurance Co. Judgment for plaintiff and defendant appeals.

The following is the decree of the circuit judge:

This is an appeal from the Court of Magistrate W. P. Sanders, and was heard before me today upon the defendant's exceptions.

The nature of the action is a suit on life insurance policy wherein the life of Nat Jefferson was insured by the defendant company; the plaintiff, Godfrey Jefferson, being named as beneficiary therein. After hearing arguments of

the attorneys for both defendant and the plaintiff, I have read the testimony, all of which confirms the judgment rendered by the magistrate in favor of the plaintiff. The defendant's agent, J. E. Dicks, testified in chief that he received the application from the plaintiff for insurance upon his father's life in Barnwell, in front of the Home Bank, and in the evidence the application that the witness speaks of was not produced or offered in evidence. He further testified that the plaintiff told him his father was dead, and that, after telling him that his father was dead, the agent received two weeks' premiums on the policy from the plaintiff, after knowing that the insured was dead, and that the plaintiff at the time told him that his father died with dropsy, and that the agent notified the company and that Mr. Andrews went out to see the plaintiff to pay the claim, and that, after Mr. Dicks, the agent of the company, called on the plaintiff, and told him that Mr. Andrews had passed on not paying the claim, and he went and gave him the premium that he paid on the policy in the sum of $1.75, and took the policy up, and had the plaintiff to sign on the back that he had misrepresented his father's condition. On the other hand, the evidence shows conclusively that the defendant's agent, together with other agents, to wit, Mr. Andrews and Mr. Carter, went to see the plaintiff with the intention to settle with him as a beneficiary under the policy, and if these conditions had existed as Mr. Dicks had testified to, about the misrepresentation, certainly the policy would have been taken up by the superiors of the said company, and which the defendant's own evidence shows was not done.

I find that the conduct of the defendant's agent in the transaction with the plaintiff after the death of the insured was in fraud of plaintiff's rights, and that there was no misrepresentation on the part of the plaintiff. The plaintiff established a clear case, and is entitled to judgment

as found by the magistrate, which is confirmed, and the exceptions to said finding on the part of the defendant are overruled; and it is so ordered.

*Messrs. Harley & Blatt,* for appellant.

*Messrs. J. O. Patterson, Jr.,* and *Jas. A. Kennedy,* for respondent, cite: *Finding of Magistrate affirmed by Circuit Judge and supported by any evidence is final:* 90 S. C., 79; 91 S. C., 426; 91 S. C., 568; 93 S. C., 80; 93 S. C., 368.

May 31, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon a life insurance policy issued May 11, 1922, upon the life of Nat Jefferson, payable to his son, Godfrey Jefferson, $175 if the insured lived beyond six months from the date of the policy, and one half of $175 otherwise. The insured died within six months and the beneficiary sued upon the policy before a magistrate for $87.50.

The defense was that the beneficiary who applied for the policy had made misrepresentations as to the health of the insured and as to other matters material to the risk.

The magistrate tried the case without a jury upon evidence submitted by both sides, and found for the plaintiff. Upon appeal to the circuit court the judgment was affirmed. The defense rested upon issues of fact which have been decided by the magistrate and confirmed by the Circuit Judge. This court is without jurisdiction to review them. *Saunders v. R. Co.,* 90 S. C., 79; 72 S. E., 637. *Waring v. Jennings,* 91 S. C., 426; 74 S. E., 987. *Matthews v. Lumber Co.,* 91 S. C., 568; 75 S. E., 170; 45 L. R. A., (N. S.), 644; Ann. Cas. 1914A, 45. *Flowers v. R. Co.,* 93 S. C., 80; 76 S. E., 32. Let the decree of the Circuit Judge appear in the record.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.