## WALKER v. SOUTHERN RY.

1. CARRIER—FREIGHT—LIVE STOCK.—The rule that the burden is on the carrier which delivers the goods to the consignee in a damaged condition to respond for damages, or show that it was done in the care of another carrier, applies to a shipment of a car-load of horses, delivered with one missing.

2. IBID.—VERDICT should not be directed for defendant in such case where the evidence is not clear that the missing horse was dead in the car when delivered to the defendant.

3. IBID.—PENALTY.—FILING CLAIM FOR DAMAGES TO FREIGHT with cashier at office of destination is a sufficient filing with the agent at destination under the statute providing penalty for not adjusting in limited time.

4. CONSTITUTIONAL QUESTION raised for first time in this Court will not be considered.

5. CARRIER—BILL OF LADING—SECONDARY EVIDENCE.—Three bills of lading are made out. One is signed by shipper and sent to auditor of carrier. Signatures to other two were copied, one sent to shipper and other retained for filing in initial office. The first two were originals, the last a copy, and could only be admitted as secondary evidence.

6. INTEREST may be allowed on value of property fixed as measure of damages.

Before PRINCE, J., Union, June Term, 1906. Affirmed.

Action by A. P. H. Walker against Southern Railway Co. From judgment for plaintiff, defendant appeals.

*Messrs. Sanders & DePass* and *Townsend & Townsend,* for appellant. *Messrs. Sanders & Depass* cite: *As to refusal to grant nonsuit:* 9 Am. St. R., 439; 81 Am. St. R., 816; 35 Am. St. R., 823; 66 S. C., 477. *As to refusal to direct a verdict:* 35 Am. St. R., 823; 81 Am. St. R., 816; 173 U. S., 348; 18 Am. St. R., 119. *Spencer National Bank* v. *Inman Mills.*

*Messrs. Townsend & Townsend* cite: *Filing claim with cashier is not sufficient:* 71 S. C., 273. *Presumption as to*

*damage:* 66 S. C., 477; 19 Ency., 39; 92 U. S., 283; 3 Ency., 2; 21 S. C., 101. *As to unconstitutionality of penalty act:* 19 S. C., 114; 16 S. C., 47; 63 S. C., 181; 69 S. C., 322; 73 S. C., 71.

*Mr. J. Ashby Sawyer,* contra, cites: *Filing with the cashier is a sufficient filing of claim:* 60 S. C., 153; 16 S. C., 189. *As to presumption of loss or damage:* 66 S. C., 477; 6 Cyc., 488. *Copy of bill of lading properly ruled out:* 69 S. C., 429; 73 S. C., 289; 5 Ency., 290; 73 S. C., 141; 39 S. C., 56; 56 S. C., 136; 73 S. C., 289; 6 Cyc., 392; 391, 478, 479. *Interest may be allowed on amount of damages:* 24 S. C., 508; 16 S. C., 588; 10 Rich., 382.

March 14, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The Louisville and Nashville Railroad Company received from the plaintiff, Walker, at Louisville, Ky., nine horses to be delivered at Jellico, the junctional point, to the defendant, the Southern Railway Company, for carriage to Union, S. C., the ultimate destination. Only eight horses were found in the car on its arrival at Union. The plaintiff made out his claim against the Southern Railway Company for one hundred and forty-two dollars and fifty cents, the price paid for the missing horse in Louisville, attaching the bill of lading which had been sent to him. When the plaintiff went to the station at Union to present his claim, the agent in general charge of the office was absent, and the claim was filed with the cashier of the office, who acted for the agent in charge when he was out. The claim was not paid in ninety days, whereupon the plaintiff brought this action, alleging as a first cause of action, damages for the loss of the horse to the amount of three hundred dollars; and as a second cause of action, the liability of the defendant for the statutory penalty of fifty dollars for failure to adjust and pay within ninety days after

claim filed. . The plaintiff recovered judgment for two hundred and twenty-five dollars.

The appeal relates to three defenses set up in the answer: 1st, delivery by the defendant to the plaintiff of all the horses received by it from the Louisville and Nashville Railway; 2d, limitation in the bill of lading issued by the Louisville & Nashville Railroad Company to liability of seventy-five dollars for each horse; 3d, failure by the plaintiff to file his claim with the agent of the defendant at the point of destination, such filing being, under the statute, a condition precedent to the recovery of the penalty demanded.

Error is assigned in the refusal to grant a motion for a nonsuit on the ground that there was no evidence showing the lost horse ever came into possession of the defendant.

It was said in *Willett* v. *Railway,* 66 S. C., 478: "The general rule is, that the burden is on the carrier which delivers the goods to the consignee to respond to any damage which occurs in transit, or show that it was done while in the hands of some other carrier. This rule has never been under judicial discussion in this State, but it is supported by the great weight of authority elsewhere."

The application of this rule to the case now under consideration is denied by the defendant because this is not a case of damage to goods received by the initial carrier in good order and delivered by the terminal carrier in a damaged condition, but of the complete loss of a part of the property shipped. Authority has been adduced in favor of the view that a presumption of loss by the terminal carrier does not arise where no part of the goods received by the initial carrier reached their destination. In such case the argument is, that there is nothing whatever to show that the terminal carrier ever received the goods, and therefore there is no foundation for the presumption that it lost them. But this case is entirely different. The shipment was a single carload of nine horses. The defendant received the car from the initial carrier and delivered the horses con-

tained in it as a single shipment.   All the horses were in
the car and in good condition when shipped from Louisville,
and they are all presumed to have so continued in the car
when it came into the hands of the defendant.  The principle
and reasoning on which the case of *Willett* v. *Railway,
supra,* was decided are as applicable to the failure of the ter-
minal carrier to deliver all of a carload which came into its
hands as to the delivery of a single article in a damaged con-
dition.   *Faison* v. *Railway,* (Miss.) 30 Am. St. Rep., 577;
*Cooper* v. *Railway,* (Ala.) 25 Am. St. Rep., 59; *Harris* v.
*Railway,* (Fla.), 23 Am. St. Rep., 551; *Smith* v. *Railway,*
43 Barb., (N. Y.) 225.   The motion for nonsuit on this
ground was, therefore, properly overruled.

On the same point, it is insisted the evidence adduced by
the defendant after the refusal of nonsuit, affirmatively
showed beyond all doubt the missing horse was lying dead
in the car when it was received by the defendant from
the Louisville & Nashville Railroad Company; and
it is submitted, the Circuit Judge erred in refusing
to direct a verdict for the defendant.   The evidence tending
to that inference was certainly very strong, but we do not
think strong enough to warrant the Court in saying no
other inference could be drawn from it.   The car reached
Jellico at about 2.15 A. M., and one of the defendant's wit-
nesses testified he found the horse dead when he examined
the car from three quarters of an hour to an hour afterwards·
But this witness stated nothing indicating whether the horse
died before or after arrival.   It is true, other witnesses con-
cerned with the transfer of freight at Jellico said they saw
the horse and he was cold and stiff, but this was several
hours after the arrival of the car.   It does not clearly ap-
pear whether the car was still in the custody of the Louis-
ville & Nashville Railroad Company or had then passed to
the care of the defendant   The presum.ption of loss by the
defendant, the terminal carrier, was not so conclusively re-
butted as to warrant the Court in directing a verdict.

Filing the claim with the cashier of the Union office of defendant, who was apparently in charge of the business in the absence of the agent having general charge, was manifestly a sufficient compliance with the statute which requires the claim to be filed with the agent of the defendant at the point of destination. The case of *Brown* v. *Railway,* 71 S. C., 273, 51 S. E., 151, is different.

The attack on the constitutionality of this statute being made for the first time in this Court cannot be considered. *Lowrimore* v. *Mfg. Co.,* 60 S. C., 153, 38 S. E., 430.

For the purpose of showing the limitation of liability to seventy-five dollars for each horse, the defendant sought to introduce a copy of the bill of lading. The evidence showed the bill of lading was issued in triplicate. Only one was signed by the shipper, and this was sent to the office of the auditor of the Louisville & Nashville Railway as the original. On the others the signatures were copied, one sent to the shipper and the other retained for filing. The defendant offered the copy retained for filing, alleging the loss of the original and the copy given to the shipper. Plaintiff attached the bill of lading received by him to the claim, and at the time of the action it was still in the hands of the defendant. It seems plain the paper signed by the shipper and sent to the auditor, and that accepted by the shipper, should each be regarded for all practical purposes the original bill of lading. Both of them express the contract and evidence the assent of the parties. The paper retained for filing not being signed by the shipper nor accepted by him is only a copy, and therefore admissible only as secondary evidence on proof of loss of the original. We agree with the Circuit Judge that there was no such evidence of loss of the originals as would make the copy admissible. Nor was it admissible because offered only on a collateral issue. One of the main issues was, whether the shipper had agreed to a limitation of liability

and this paper was offered as furnishing the direct proof of such agreement.

The case of *Woods* v. *Cramer,* 34 S. C., 518, 13 S. E., 660, is conclusive that there was no error in charging that interest should be allowed on the value of the property fixed as the measure of the damages.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.