### 6801

#### HUGGINS v. ATLANTIC COAST LINE R. R. CO.

1. CARRIER—FREIGHT—LIVE STOCK.—Where there is evidence that terminal carrier received one animal belonging to a car of live stock at one point, in bad condition, and the balance of those delivered at another point in apparent good condition, and that terminal carrier only connected with its connecting carrier at the latter point, the question on what line animals were injured was properly sent to the jury.

2. IBID.—IBID.—Under allegations that car-load of stock was delivered to terminal carrier at a certain point in good order, it is not necessary for plaintiff to prove delivery to terminal carrier at that point in good order, as under proof here point of delivery is immaterial, especially as delivery in bad condition presumes injury on terminal line.

3. EVIDENCE—OPINION.—A witness may state facts within his knowledge going to show the condition of a horse and his depreciation in value.

Before KLUGH, J., Florence, March Term, 1907. Affirmed.

Action by M. B. Huggins against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs Willcox & Willcox* and *J. P. McNeill,* for appellant. *Mr. McNeill* cites: *This action was evidently based on 24 Stat., 1, which is held unconstitutional in* 78 S. C., 42. *Under bill of lading defendant only liable for injury on its own line:* 75 S. C., 324; 39 S. C., 56; 112 U. S., 331; 4 Elliott on R. R., Secs. 1507, 1546.

*Mr. W. F. Clayton,* contra, cites: *Delivery in bad condition presumes injury on terminal line:* 2 S. E. R., 23; 17 S. E., 513; 56 S. E., 956.

March 17, 1908.   The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff recovered judgment for $600 against the defendant as terminal carrier in this action for damages for injury to live stock shipped from Fort Scott, Kan., to Timmonsville, S. C.

The defendant-appellant contends that the motion for nonsuit made at the close of the whole testimony should have been granted for want of proof that the loss or injury occurred on defendant's line.   The contract of shipment between the shipper and the St. Louis and San Francisco Railroad Company, the initial carrier, stipulated that, in the absence of any other contract, each carrier along the route shall be liable only for loss or damage occurring on its own road.   The complaint alleged that twenty-nine horses and mules were shipped in a car from Fort Scott, March 14, 1906, and that said car was turned over to the defendant at Clinton, S. C., in good order, and that on March 24, 1906, ten horses and seventeen mules were delivered to the plaintiff, and that on March 26, 1906, one mule was delivered, and that one horse was never delivered; that the stock when delivered was in bad order, gaunt from want of feed, stuffed with cold, skinned up, and entirely unfit to place upon the market, causing loss to plaintiff through defendant's negligence.

The plaintiff offered testimony to show the damaged condition of the stock when delivered and the failure to deliver one horse.   There was an issue as to whether defendant received the stock at Clinton or at Columbia, S. C.   On this point the testimony for defendant tended to show that while it ran passenger trains to Clinton over the Columbia, Newberry and Laurens Railroad, it ran no freight trains over that line, and made its freight connection with the C., N. &

L. R. R., at Columbia, S. C. On the other hand, as to the shipment of the mule delivered March 26th, the plaintiff offered in evidence Exhibit "D," being claim for freight made by defendant containing in part these words: "From Cn. 363 W. B. number Cola. Date, 3, 26. Car initial and No., A. C. L., 18754, Consignor P. Stables, Articles—one mule. This mule was lame when received from S. A. L. Connection at Clinton, S. C., etc." This was some evidence for the jury tending to show that defendant received this mule at Clinton, S. C., but was damaged when received. But if it be assumed that defendant's connectng point was Columbia, S. C., L. K. Tedder, conductor of defendant, testified that when the car of stock was received at Columbia that he had a lantern and glanced through the car and that "it looked in good order." This witness also testified as to the careful handling of the stock after its receipt at Columbia. The foregoing testimony was sufficient to send the case to the jury, especially in view of the law that when a carrier delivers freight in a damaged condition the presumption is that the damage occurred while in the carrier's possession. *Walker* v. *Ry. Co.*, 76 S. C., 308; *Venning* v. *Ry. Co.*, 78 S. C., 42.

It can not be said that the evidence warranted no other conclusion than that the injury to the twenty-seven horses and mules delivered on March 24th did not occur on defendant's line, hence the motion for nonsuit was properly overruled. For the same reason there was no error in refusing to direct a verdict for defendant and in refusing defendant's motion for a new trial.

The Court refused to charge defendant's request that under the allegations of the complaint, plaintiff was bound to show that defendant received the stock in good condition at Clinton, S. C. The exception to this ruling can not be sustained because under the testimony it was immaterial at what particular point, Clinton or Columbia, defendant received the live stock, and further, because such a charge would have ignored the presumption

that the stock delivered by defendant in damaged condition sustained such injury while in defendant's possession.

The last exception is to the ruling of the Court in allowing a witness to state facts within his knowledge going to show the condition of one of the horses in question

3.     and its depreciation in value. The ruling was admittedly proper. The witness did not undertake to state any conversation between himself and plaintiff tending to fix such value, hence there is no foundation for exception in this regard.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.