### 8215

### WARING v. JENNINGS.

1. APPEAL—MAGISTRATE.—In the absence of findings of fact in Circuit judgment affirming judgment of magistrate on appeal, it is presumed all issues of fact are found in favor of respondent, which are not reviewable here.

2. LANDLORD AND TENANT.—There being evidence here to the effect that the landlord rented the house for a fixed period and that his agent had nothing to do with the renting, reception by the agents of

the rent for a part of the time held not to relieve the tenant of his obligation for the whole time.

Before WILSON, J., Richland, December, 1911. Affirmed.

Action by Malvina S. Waring against R. T. Jennings in court of Magistrate Fowles. From Circuit order affirming judgment of magistrate, defendant appeals.

*Messrs. Tompkins & Lee,* for appellant, cite: *Evidence as to defendant saving himself rent of another house if plaintiff had notified him of her claim should have been admitted:* 41 S. C. 134; 66 S. C. 61. *As to agency:* 48 S. C. 430; 49 S. C. 345; 76 S. C. 529; 79 S. C. 578. *As to estoppel:* 12 S. C. 314; 13 S. C. 355; 57 S. C. 507; 67 S. C. 461.

*Mr. D. W. Robinson,* contra, cites: *As to estoppel:* 3 Words and Phrases 24945; 77 S. C. 425; 84 S. C. 430; 70 S. C. 206; 84 S. C. 431; 70 S. C. 206; 3 S. C. 345. *Issues of fact passed on below are not reviewable here:* 71 S. C. 129; 90 S. C. 73; 85 S. C. 469; 67 S. C. 71; 74 S. C. 230.

May 27, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an appeal from an order of the Circuit Court, affirming a judgment for $87.50 rendered by a magistrate, in an action to recover rent for the use of a house and lot, in the city of Columbia.

The plaintiff contended, that she rented the premises to the defendant for three months, at fifty dollars per month, commencing 1st December, 1910, with the option on the part of the defendant, of buying said property during that period.

The defendant claimed, that he entered into possession of the premises under a parol contract, under which he had the option for ninety days, of purchasing said property, with the right to occupy the premises at a stipulated monthly rent, during the term of the option.

The defendant also set up the defense of estoppel.

The defendant vacated the premises, on the 2d of January, 1911, by permission of Charles L. Kelly & Co. and took from them the following receipt:

"Columbia, S. C., January 20, 1911.
Received of R. T. Jennings, fifty dollars on account for rent. $50.00. Charles L. Kelly & Co. By Davis."

This sum of money was received by the plaintiff, from Charles L. Kelly & Co., and she wrote a letter to the defendant, but it was not offered in evidence. The following reply to it was, however, introduced in evidence:

"Columbia, S. C., January 3, 1912.
Mrs. Clark Waring, City.
Dear Mrs. Waring: Your note received. Was very much surprised, indeed, to receive the same, as I notified your agents, Kelly & Co., several days ago, that I had decided not to take the place, also informed them of my intention of moving. Also stated to them, that I would send in the key last night, but it was late when I got through moving. Am sending key by boy. I have their receipt for $50.00 paid them for rent.
Very truly yours,        R. T. Jennings, M. D."

The two vital questions in the case are (1) whether there was any testimony tending to show, that the plaintiff rented the premises to the defendant, for the period of three months as contended by her; and (2) whether there was any testimony tending to show, that Charles L. Kelly & Co. were authorized by the plaintiff, to grant permission to the defendant to surrender the premises, upon payment

of the amount them due. If there was such testimony then it made an issue of fact, and the findings of the Circuit Court thereon, are not reviewable by this Court. In the absence of a direct finding upon the facts, the rendition of the judgment presupposes, that all facts in issue, were decided in favor of the plaintiff.

The testimony of the witnesses is contradictory, as to the terms of the contract, and this question is, therefore, eliminated from further consideration.

The plaintiff testified: "Mr. Kelly had the house to sell, but not to rent." Charles L. Kelly testified: "I was present when this contract was made. I was trying to make a sale of the house. I didn't have charge of the renting of the house." This testimony tends to show that Kelly & Co. had nothing to do with the renting of the premises.

Appeal dismissed.