8351

McLEOD v. ATLANTIC COAST LINE R. R. CO.

RAILROADS—PRESUMPTIONS—STOCK—ISSUES.—In a case where there is nothing before the Court except the presumption of negligence arising from killing a mule on a railroad track, and the evidence of the engineman tending to overcome this presumption, the Court should not direct a verdict.

Before SHIPP, J., Berkeley, March term, 1912. Affirmed.

Action by Joseph McLeod against Atlantic Coast Line R. R. Co. Defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood, Octavus Cohen* and *Simeon Hyde,* for appellant. *Messrs. Octavus Cohen* and *Simeon Hyde* cite: *Plaintiff must show negligence:* 26 S. C. 49; 52 S. C. 323; 82 S. C. 252; 83 S. C. 213.

*Mr. W. A. Holman,* contra. Oral argument.

October 28, 1912   The opinion of Court was delivered by

Mr. Justice Woods.   On the trial of this action for the recovery of the value of a mule killed by one of the defendant's trains, the plaintiff introduced evidence showing that the mule was killed by the train while grazing on his property through which the railroad ran.   To rebut the presumption of negligence by the defendant, arising from the fact of the killing, the defendant introduced the testimony of the engineman of the train to the effect that the train was running at the regular speed, and that the mule came on the track from behind a hedge or embankment so suddenly that it was impossible to stop the train before striking him.   The Circuit Judge refused to direct a verdict in favor of the defendant and the jury found a verdict of $250, the value of the mule.

The question made by the appeal is whether the evidence on the part of the defendant so conclusively rebutted the presumption of negligence arising from the fact of the killing that no other reasonable inference could be drawn than that the defendant exercised due care.

The rule in Danner's case, 4 Rich. 330, is thus explained by Chief Justice Simpson, in *Joyner* v. *Ry.,* 26 S. C. 49, 1 S. E. 52 : "Briefly, that case decided that, in cases like that before the Court, evidence by the plaintiff that his cattle had been killed by a railroad train, proved by legal inference the absence of due care; in other words, the presence of negligence—at least so far as to allow the plaintiff to rest and to await the defendant's testimony, the plaintiff being entitled to recover unless the defendant's testimony removed or overthrew the *prima facies* thus made out by the plaintiff.   It was a judicial determination of the effect which such testimony offered by the plaintiff should have in all such cases, and it was established from the necessity of the case.

"To state the rule and its effect somewhat more distinctly, we may say, that while, as a general rule, the plain-

tiff, in order to establish negligence which he has charged and which is the gist of his action, should prove the existence of facts and circumstances, if within his power, sufficient to exclude the idea of due care, yet in cases like that below, Danner's case hâs established the principle (which may be regarded as an exception to the general rule), that proof of the single fact of the killing of plaintiff's cattle shall have the effect in the first instance of proof of all the facts necessary to show negligence—the Court in that case determining not that the plaintiff could recover without proving negligence, or that it was the duty of the defendant to disprove it in advance of the plaintiff proving it, but that the plaintiff's evidence was sufficient *prima facie* to establish it."

Applying this rule, the killing of the mule in this case was itself a probative fact which in contemplation of law tended to prove negligence, just as the fact of long delay in the delivery of a telegram, or injury of a passenger through an agency or instrumentality of a carrier are probative facts tending to prove negligence of the telegraph company or the carrier. Such facts having the force of evidence are often spoken of as giving rise to presumption of negligence. In *Baker* v. *Telegraph Company,* 57 S. C. 174, 69 S. E. 151, the Court undertook to point out that such presumptions stand as evidence of negligence until overthrown: "When, any fact raises a presumption of negligence the general rule is that such fact itself stands as evidence of negligence throughout the trial to be weighed by the jury along with the rebutting evidence of the defendant, in deciding whether the preponderance on the issue of negligence is on the side of the plaintiff or the defendant; and it follows that when this general rule is applicable, the Court cannot adjudge that there is no evidence of negligence and on that ground grant a nonsuit or direct a verdict in favor of the defendant. *Joyner* v. *S. C. Ry. Co.,* 26 S. C. 49, 1 S. E. 52; *Mack* v. *South Bound Ry. Co.,* 52 S. C. 323, 29 S. E. 905, 40 L. R. A. 679; *Hutto* v. *S. A. L. Ry.,* 51 S. C. 567, 62 S. E. 835;

*Griffith* v. *A. C. L. Ry.*, 82 S. C. 252; *Ritter* v. *A. C. L. Ry.*, 83 S. C. 213; *Sullivan* v. *Charleston & W. C. Ry.*, 85 S. C. 532. The general rule is not, however, always applicable, for the evidence offered by the defendant may explain so clearly the act on which the presumption of negligence rests, and show due care so plainly and indisputably that the presumption originally created would be completely destroyed. When no reasonable man could fail to come to the conclusion that the presumption had been so destroyed, and there is no other evidence of negligence, then it would not only be within the power of the Court, but its duty to order a nonsuit or direct a verdict for the defendant. Taking extreme illustrations, suppose after proof of long delay in delivery of a telegram or of entire failure to deliver it, the defendant should produce a written order from the plaintiff directing it to hold his telegrams until he called for them, or should have the evidence of credible and disinterested witnesses undisputed by the plaintiff that the plaintiff himself had given a wrong address; it could hardly be contended in such cases, that the original presumption of negligence arising from failure to deliver or from delay in delivery would remain a *scintilla* of evidence."

Was the evidence of negligence in this case furnished by the fact of the killing so overcome by the evidence offered by the defendant that it did not at the end stand as a *scintilla* of evidence? The testimony as to due care came from the engineman, the employee of the defendant, to whom the negligence, if any, would be chargeable. The strong incentive of such a witness to clear himself of blame, the character of the witness, his manner of testifying, the probability of his account, the difficulty which some men who wish to tell the truth have in acknowledging themselves to be in fault, these are all facts to be taken into account by the jury in estimating the weight to be given to the testimony of the witness. It is true that circumstances or other direct evidence may so support the testimony of an employee that no other than a conclusion favorable to him on these points

could be reasonably reached; and in such a case it would be the duty of the Court to announce the conclusion of law that the presumption of negligence from the killing of live stock had been completely rebutted, and that the plaintiff could not recover. In this case, however, there was nothing before the Court but the presumption of negligence arising from the killing of the mule, which stood as evidence of negligence unless entirely overthrown, and the evidence of the engineman tending to overcome the presumption. In view of the considerations above stated which might have affected the credibility of the witness, it was for the jury, and not the Court, to say whether this testimony was sufficient to outweigh the evidence furnished by the presumption of negligence arising from the mere fact of the killing.

Affirmed.

December 29, 1912. Per Curiam. The points made in the petition for rehearing were fully considered by the Court. The Court has given no sanction to the notion that juries are warranted in discrediting railroad employees testifying as to injuries received from machinery under their control. The interest of the plaintiff is to be considered by the jury in weighing his testimony, and the same rule applies to an agent of the corporation against whom negligence is charged. The character or manner of either the plaintiff or the employee or agent of the defendant or the circumstances of the transaction may completely neutralize in the minds of the jury the element of interest or natural bias.

Nevertheless, a plaintiff whose stock has been killed by a railroad train has the right to have the jury consider the force of the presumption in his favor as testimony against the account of the accident given by the railroad employee. It was to protect him from being absolutely bound by the testimony of the railroad employees that the rule as to the presumption of negligence was adopted.

It is ordered that the petition be dismissed and the order staying the remittitur be revoked.