8882

MATTHEWS v. ATLANTIC COAST LINE RY. CO.

(82 S. E. —.)

RAILROADS.  PRESUMPTIONS.  EVIDENCE.  ISSUE FOR JURY.

Whether testimony is sufficient to rebut the presumption of negligence arising in case of live stock killed on railroad track is an issue for the jury.

Before C. J. RAMAGE, special Judge, Monk's Corner, November, 1913.   Affirmed.

Action by W. J. Matthews against Atlantic Coast Line Railway Company. From judgment for plaintiff, and order refusing new trial, defendant appeals. The facts are stated in the opinion.

*Messrs. Simeon Hyde* and *Octavus Cohen,* for appellant, ask review of 93 S. C. 71, and cite: 4 Rich. 329; 4 McC.

161; 26 S. C. 49; 87 S. C. 174. Chamberlayne's Modern Law of Evidence, sec. 1085.

*Mr. E. J. Dennis,* for respondent, cites: 26 S. C. 49; 91 S. C. 104; 93 S. C. 71.

July 16, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action brought by the plaintiff against the defendant for two hundred dollars for the killing of a mule on October 23, 1912, and resulted in a verdict in favor of the plaintiff for full amount sued for. The defendant appeals and by their exceptions make the following points: First. The killing of the stock was due to an unavoidable accident. Second. The verdict was against the manifest weight of the evidence. Third. The only evidence in the case showing how stock was killed showed without conflict that there was no negligence on the part of the defendant. Fourth. There was no evidence to support the verdict.

All the points made in this case were fully considered by this Court in the case of *McLeod* v. *Railroad Co.,* 93 S. C. 71, 76 S. E. 19, 705, and decided in that case. The effort in this appeal is to practically have the Court to overrule the principles therein announced and we see no reason to do so. The exceptions are overruled and judgment affirmed.