## 9603

### ERVIN v. ATLANTIC COAST LINE R. CO.

#### (91 S. E. 317.)

RAILROADS — KILLING OF STOCK — NEGLIGENCE — JURY QUESTION.—In an
action for the killing of plaintiff's colt, a letter by the superintendent
of the defendant railroad company, that investigation disclosed that
the colt ran into the train after the engine had passed, is sufficient
showing to carry the case to the jury on the presumption of negli-
gence arising from the killing, notwithstanding the negligence was
denied.

Before MAULDING, J., Darlington, November, 1915.
Affirmed.

Action by J. M. Ervin against the Atlantic Coast Line
Railroad Company. From judgment for plaintiff, defend-
ant appeals.

*Messrs. Dargan & Dargan,* for appellant. *Mr. Woods
Dargan* cites: 4 Rich. L. 329; 105 S. C. 33.

*Mr. Geo. B. Edwards,* for respondent, cites: 4 Rich. L.
61; 4 S. C. 61; 25 S. C. 141; 26 S. C. 49; 30 S. C. 163; 91
S. C. 507; 20 S. C. 249.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for killing of a sorrel colt, on the track of the defendant company, by a train of cars.   The plaintiff had a verdict, and the defendant has appealed.

There are numerous suggested errors, but the appellant argued only one question, and stated at the bar that there was but one issue involved.   And that is the probative effect of a letter written by the general superintendent of the defendant company to the plaintiff's counsel, and offered in evidence by the plaintiff, to prove that the defendant admitted the killing of the colt.   In the letter there was this sentence:

"I wish to state our investigation discloses the fact the colt * * * ran into the train after the engine had passed."

The appellant concedes that the presumption of negligence arises out of the killing, but insists that the letter of the superintendent so rebuts the presumption as to have required the Court to direct a verdict for the defendant.

Had the engineer, or that other person who communicated the alleged fact to the superintendent, have taken the witness stand and sworn that the colt ran into the engine after the engine had passed, the Court must yet have submitted the truth of the statement to a jury to determine.   It has been so distinctly held.   *McLeod* v. *Railroad,* 93 S. C. 71, 76 S. E. 19, 705.   The case is not altered that the same fact is presented through another channel, but it is rather weakened.

There is no room to disturb the judgment below, and it is affirmed.

MR. JUSTICE FRASER, being disqualified, did not participate in the consideration of this case.