11342

HUGGINS v. A. C. L. R. CO.

(119 S. E., 908)

1. APPEAL AND ERROR—JUDGMENT FOR PLAINTIFF PRESUPPOSES FINDING OF ALL FACTS IN HIS FAVOR.—In the absence of a direct finding upon the facts, the rendition of a judgment for plaintiff presupposes that all facts in issue were decided in his favor.

2. APPEAL AND ERROR—FINDING SUPPORTED BY ANY EVIDENCE FINAL.—Where a finding by the Circuit Court on appeal from a magistrate is supported by any evidence it is final.

3. CARRIERS—PRESUMPTION THAT GOODS WERE DAMAGED WHILE IN CARRIER'S POSSESSION CONTINUES THROUGH TRIAL.—Where carrier delivers freight in a damaged condition the presumption that the damage occurred while in carrier's possession continues throughout the trial.

Before W. P. GREENE, SPECIAL JUDGE, Florence, November, 1922. Affirmed.

Action in Magistrate's Court by M. B. Huggins against Atlantic Coast Line Railroad Co. Judgment for plaintiff, affirmed by Circuit Court, and defendant appeals.

*Messrs. F. L. Willcox* and *McNeill & Oliver,* for appellant, cite: *Liability of carrier for injury to live animals:* 9 Rich.. L., 69; 10 C. J., 124.

*Mr. Philip H. Arrowsmith,* for respondent, cites: *Duty of carrier to protect animals from contagion in shipment:* 11 Neg. & Comp. Cas., 844; 26 L. R. A. (N. S.), 710. *Finding of fact by magistrate supported by any evidence is final:* 90 S. C., 79; 91 S. C., 426; 93 S. C., 80.

November 14, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action was commenced in a Magistrate's Court to recover $60 damages for the alleged negligence of the defendant in causing the death of two cows shipped by the plaintiff over the defendant's railroad. The defendant

denied the. allegations of negligence. The issues were tried by the Magistrate without a jury, and he rendered judgment against the defendant for $60, whereupon the defendant appealed upon the following exceptions:

"(1) Because the Magistrate erred, it is respectfully submitted, in not finding for the defendant upon the ground that there was not a scintilla of evidence adduced in the trial tending to show any negligence upon the part of the defendant causing the injury to the animals that died in transit.

"(2) Because the Magistrate erred, it is respectfully submitted, in not finding for the defendant upon the ground that all the evidence in the case shows that the animals, whose death occurred while they were in transit, died from natural causes, and not from any negligence on the. part of the defendant in handling them.

"(3) Because the verdict and judgment is contrary to the law and evidence in the whole case."

Both the plaintiff and the defendant introduced testimony upon the trial of the case in the Magistrate's Court, and the inference which the Magistrate drew from the testimony was reasonable.

On hearing the appeal from the judgment rendered by the Magistrate, his judgment was affirmed by his Honor, the Circuit Judge, in these words:

"Judgment of the Magistrate is hereby affirmed."

Thereupon the defendant appealed to this Court on the following exceptions:

"(1) Because his Honor erred, it is respectfully submitted, in not reversing the Magistrate and finding for the defendant upon the ground that there was not a scintilla. of evidence adduced in the trial to show any negligence upon the part of the defendant causing the injury to the animals that died in transit, the death of the live stock due to disease, while in the possession of a carrier raising no presumption of negligence by the carrier.

"(2) Because his Honor erred, it is respectfully submitted, in not finding for the defendant upon the ground that

all of the evidence in the case shows that the animals, whose death occurred while in transit, died from natural causes and not from negligence on the part of the defendant in handling them.

"(3) Because all of the evidence shows that the animals died from natural causes due to disease from which they were necessarily suffering when they were received by the defendant. And the plaintiff had specifically agreed with the defendant in their contract of transportation that he would save it harmless from any claims arising out of any loss or injury to the said live stock on account of any inherent defect, weakness or lack of vitality of the live stock."

It will be observed that the only question raised involves a review of the testimony. In the case of *Waring v. Jennings,* 91 S. C., 426; 74 S. E., 987, this Court ruled as follows:

"If there was such testimony [reasonable] then it made an issue of fact, and the findings of the Circuit Court thereon are not reviewable by this Court. In the absence of a direct finding upon the facts, the rendition of the judgment presupposes that all facts in issue were decided in favor of the plaintiff. The testimony of the witnesses is contradictory, as to the terms of the contract, and this question is, therefore, eliminated from further consideration."

Furthermore, in *Walker v. Railway,* 76 S. C., 308; 56 S. E., 952, this Court quotes with approval the following language from *Willett v. Railway,* 66 S. C., 478; 45 S. E., 93:

"The general rule is, that the burden is on the carrier which delivers the goods to consignee to respond to any damage which occurs in transit, or show that it was done while in the hands of some other carrier. This rule has never been under * * * discussion in this State, but it is supported by the great weight of authority elsewhere."

"Where a finding by the Circuit Court on an appeal from Magistrate is supported by any evidence it is final." *Saunders v. Railway,* 90 S. C., 79; 72 S. E., 637.

"The foregoing testimony was sufficient to send the case to the jury, *especially in view of the law that when a carrier delivers freight in a damaged condition the presumption is that* the damage occurred while in the carrier's possession." (Italics added.) *Huggins v. Railway,* 79 S. C., 341; 60 S. E., 694.

Such presumption continues throughout the trial *McLead v. Railway,* 93 S. C., 71; 76 S. E., 19, 705.

Affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur. MR. JUSTICE MARION concurs in result.