## 11636

### INGRAM v. DAVIS, AGENT

#### (126 S. E., 920)

1. CARRIERS—NEGLIGENCE ON PART OF DELIVERING CARRIER PRESUMED FROM FAILURE TO DELIVER PART OF SINGLE SHIPMENT OF LIVE STOCK.—Failure of delivering carrier to deliver part of single shipment of live stock was probative fact which raised presumption of negligence on part of such carrier.

2. TRIAL—DUTY OF PASSING ON CREDIBILITY OF WITNESSES MAY VERY RARELY BE TAKEN FROM JURY.—The duty of passing upon the credibility of witnesses and the accuracy of their testimony may very rarely be taken from jury.

3. TRIAL—CREDIBILITY OF TESTIMONY OF EMPLOYEES OF PARTY IS FOR JURY.—In action against delivering carrier for death of horse, in which testimony of defendant's employees, if believed, conclusively rebutted presumption of loss by defendant, the credibility of such witnesses, the inherent probability of their statements, the extent to which the accuracy of such statements may have been affected by bias or interest of witnesses, etc., were considerations for the jury.

4. CARRIERS—WHETHER LOSS OF HORSE WAS DUE TO NEGLIGENCE OF DELIVERING CARRIER HELD FOR JURY.—In action against delivering carrier for loss of horse, question of whether loss was due to negligence of defendant or to negligence of connecting carrier *held* for jury.

5. TRIAL—COURT CANNOT ANTICIPATE THAT VERDICT WILL BE AGAINST PREPONDERANCE OF EVIDENCE AND DIRECT VERDICT.—Where there is nothing to warrant taking from jury question of credibility of defendant's witnesses, Court cannot anticipate that jury's finding will not be in accord with what is reasonable, as tested by fair preponderance of the evidence, and direct verdict for defendant, but the remedy in such case lies in setting the verdict aside.

Before MEMMINGER, J., Chesterfield, April, 1924. Reversed and new trial ordered.

Action by T. L. Ingram against James C. Davis, Agent of Railroads. Judgment for plaintiff for a reduced amount and plaintiff appeals.

*Mr. R. E. Hanna,* for appellant, cites: *Presumption of loss by terminal carrier:* 223 U. S., 481; 99 S. C., 470; 93 S. C., 71; 76 S. C., 308.

*Messrs. Pegues & Murray,* for respondent, cite: *Evidence of negligence on both sides to be weighed by jury:* 26 S. C., 29; 52 S. C., 323; 81 S. C., 567; 82 S. C., 252; 83 S. C., 313; 85 S. C., 532. *But where evidence rebuts presumption of negligence so completely duty of Court is to direct verdict:* 87 S. C., 167; 93 S. C., 73; 119 S. E., 908. *Where goods never came into carrier's possession presumption does not attach:* 99 S. C., 474; 114 S. C., 141; 114 S. C., 143. *Nor where carrier receives goods in damaged condition:* 121 S. C., 94; 85 S. C., 381; 76 S. C., 331. *Plaintiff not entitled to interest:* 85 S. C., 195. *Declaration of agent outside scope of his authority is not binding on the principal:* 19 S. C., 353; 28 S. C., 158; 35 S. C., 517; 40 S. C., 450; 100 S. C., 258.

December 31, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action to recover of the United States Railroad Administration, in charge of the Atlantic Coast Line Railroad as terminal or delivering carrier, the value of 1 mule

not delivered in a shipment of 20 mules and 5 horses shipped from East St. Louis, Ill., to the plaintiff at Cheraw, S. C. The presiding Judge held that plaintiff was not entitled to recover the value of the mule and directed a verdict for the plaintiff in the sum of $7.06, an amount which defendant admitted to be due on account of certain charges for freight, feeding, etc., improperly collected. From that order of the Circuit Court the plaintiff appeals.

The one question presented is whether the trial Judge erred in holding that the evidence as a whole was open to no other reasonable inference than that the mule not delivered had died in the hands of a connecting carrier and before delivery to the defendant, and hence that the presumption of loss by the defendant, as terminal carrier, was so conclusively rebutted as to warrant the direction of a verdict.

Considered from the viewpoint of the plaintiff, the evidence established, or tended to establish, the following facts: That 20 mules and 5 horses, in good condition, after due inspection by a veterinarian, were shipped in a single car under a bill of lading issued by the United States Railroad Administration, Louisville & Nashville Railroad, from East St. Louis, Ill., to the plaintiff at Cheraw, S. C.; that upon arrival at Cheraw, S. C., over the line of the Atlantic Coast Line Railroad (United States Railroad Administration), the car contained only 19 mules and 5 horses; that the shipment moved on a "collect waybill" from Florence, S. C., to Cheraw, S. C., upon which appeared the entry "20 mules and 5 horses" and the notation "no exceptions"; and that upon arrival of the shipment at Cheraw the defendant collected of the plaintiff a freight and expense bill which included the freight on the mule not delivered, a charge for feeding the missing mule at Florence, and a veterinarian's bill for an autopsy.

The defendant adduced the testimony of four witnesses —three employees and one veterinary surgeon—to the effect

that the missing mule died while the car of stock was in the possession of the Georgia Railroad and before delivery to and acceptance by the Atlantic Coast Line, and that the entries on the expense bill and waybill, showing that 20 mules and 5 horses had been fed and handled at Florence, S. C., etc., had been made in error.

The failure to deliver part of the single shipment was 1-5 a probative fact which raised the presumption of negligent loss by the defendant, the delivering carrier. *McLeod v. Railroad,* 93 S. C., 75; 76 S. E., 19; 705. *Walker v. Railroad Co.,* 76 S. C., 308; 56 S. E., 952. *Eastover Mule & Horse Co. v. Railroad Co.,* 99 S. C., 470; 83 S. E., 599. That presumption was reinforced by the waybill and the freight and expense bill which contained entries and notations clearly susceptible of the inference that the missing mule had been received and handled by the defendant. Admitting that the testimony of defendant's witnesses, if believed, would conclusively rebut the presumption of loss by the terminal carrier, we are of the opinion that the issue here made was for the jury. Even if defendant's evidence were not contradicted by other direct evidence, such lack of contradiction would not render it undisputed; and where the right to a jury trial is accorded by law, the function and duty of passing upon the credibility of witnesses and the accuracy of their testimony may very rarely be taken from the jury. 26 R. C. L., 1069, § 75. Conceding that cases might arise wherein the Court could properly base the direction of a verdict on the truthfulness of certain evidence which in contemplation of law stood disputed by the adverse party (*Baker v. Telegraph Co.,* 87 S. C., 174; 69 S. E., 151), this, we think, is not such a case. In order to accept as established the defense that the mule here involved had never come into defendant's possession, it was necessary to accept as true and correct the testimony of one or more of defendant's employee witnesses. What was said by the

Court in discussing the testimony of the locomotive engineer in *McLeod v. Railroad Co., supra,* is more or less applicable here. The credibility of these witnesses, the inherent probability of their statements, the extent to which the accuracy of such statements may have been affected by the bias or interest of the witnesses, etc., were all considerations peculiarly within the province of the jury. The case in rebuttal upon which defendant here relied involved a showing of error, made by one of defnedant's witnesses, in the carrier's records having to do with this particular shipment. Neither the truthfulness nor the infallibility of defendant's witnesses was admitted. We perceive nothing in the state of facts presented which would warrant the Court in holding, either that the jury did not have the right to judge of the credibility of defendant's witnesses and of the weight of their testimony, or that there was no necessity or occasion for the exercise of that right. *See McLeod v. Railroad, supra. Huggins v. Railroad* (S. C.), 119 S. E., 908. *Gannon v. Laclede G. L. Co.,* 145 Mo., 502; 46 S. W., 968; 47 S. W., 907; 4 L. R. A., 505. *McDonald v. Metropolitan Street R. Co.,* 167 N. Y., 66; 60 N. E., 282. Note, 35 L. R. A. (N. S.), 473. In such a case, if in the judgment of the trial Court the jury's finding is not in accord with "what is reasonable, as tested by the fair preponderance of the evidence, the remedy lies in setting aside its action, and not in anticipating it and providing against it in advance." See note, 35 L. R. A. (N. S.), 473, 474.

The judgment of the Circuit Court is reversed, and a new trial ordered.

Reversed.

MESSRS. JUSTICES WATTS, FRASER, and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.