12686

TURNER v. ELROD

(148 S. E., 701)

*Mr. A. H. Dagnall,* for appellant,

*Messrs. Watkins & Prince,* for respondent,

June 26, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

It appears that the defendant's automobile, while being driven by him along a public highway between Anderson and Abbeville, on the night of Saturday, December 15, 1928, collided with the plaintiff's mule, which had strayed from its owner's home and was attempting to cross the highway, and so injured it that it had to be killed. This is an action for damages for loss of the mule.

The complaint alleges negligence and wantonness in the following particulars: (1) That the defendant drove and operated the automobile at a dangerous and reckless rate of speed, and at greater speed than was proper at the time and place, its operation being without regard for traffic and the use of the public highway; (2) that he did not apply the

brakes on his car, in order to stop it before it hit the plaintiff's mule; and (3) that he did not watch the road ahead so as to keep a lookout for animals, cars, and obstructions.

The defendant pleaded a general denial, and set up contributory negligence and wantonness on the part of the plaintiff in allowing the mule to run at large in violation of law. He also interposed a counterclaim in the sum of $500, actual and punitive damages, for injury done to the car as a result of the collision.

On trial of the case, after all the testimony was in, his Honor, Judge Dennis, on his own motion and over plaintiff's objection, directed a verdict for the defendant, holding that neither plaintiff nor defendant, under the circumstances, was entitled to damages.

There are several exceptions, but the appeal raises but one question: Was the Court in error in directing a vrdict for the defendant?

The appellant contends that, for two reasons, a verdict should not have been directed: First, under the rule in *Danner's case,* 4 Rich., 329, 55 Am. Dec., 678, which applies here, a presumption of negligence arose; and, second, if that rule does not apply, there was evidence from which the jury could infer negligence and wantonness on the part of the defendant.

As to the first contention, the appellant argues that there are stronger reasons for applying the rule in *Danner's case* against a motorist who kills a mule on a public highway than against a railway company in a case where an animal is killed by a train. For discussion of this rule, see *Joyner v. Railway Co.,* 26 S. C., 49, 1 S. E., 52; *McLeod v. Railway Co.,* 93 S. C., 71, 76 S. E., 19, 705. After a careful study of the question, we do not think that the rule should be extended to apply to a case of this kind, but that the liability of the driver or operator of the car for negligence should be tested and determined by the application of the rule of due care under the circumstances of the particular case.

As to the second contention: At the moment of the collision, there was no one present except the defendant, and the plaintiff, in order to show actionable negligence, relied largely upon the inferences to be drawn from the circumstances of the accident.

C. R. Evans, a witness for the plaintiff, testified that on the morning after the accident he saw the mule in front of his house about 200 yards away, and that its left front leg and right hind leg were broken; that it was hit about 50 or 75 yards from the intersection of the public road that turns off at his house; that the community was a thickly settled one; that there were no obstacles on the side of the road that could conceal a mule, not a bush on the left of the road, and only two or three trees in his yard; and that the mule could not have concealed itself where a man could not see it.

R. A. Turner, a witness for the plaintiff, testified that on Sunday morning he looked at the place where the mule was injured in front of Mr. Evans' house; that the road there was as wide as any other main highway, and was straight, and that there was nothing on either side of it to conceal the mule; that the point of collison was practically in the center of the road, and that he saw where the mule had pulled itself straight across from the middle of the road on the bank; that on Monday morning he talked with the defendant, who admitted hitting the mule.

Robert Cochran, a witness for the defendant, testified that he was driving a new Ford about 100 yards behind the defendant when the mule was hit; that when he rolled up he saw the mule in front of the defendant's lights in the road, but did not know whether it was down or not or how long it stayed in the road; that the defendant's car ran about 35 yards or more after hitting the mule; that the trees in Mr. Evans' yard were sparsely planted, and the witness could see a mule in the thickest of them any time, day or night; and that the road for a half or three-fourths of a mile was fine and smooth.

The defendant himself testified that he was traveling not more than 30 or 35 miles per hour, and that, as soon as he saw the mule, he shot off the gas, put on his brakes, and swerved his car to the left side of the road in order to avoid a collision, but the mule got in front of him and the accident was unavoidable. He admitted, however, that from his front lights he could see only about 10 yards ahead, and it appears that he struck the mule with such force as to break two of its legs and to seriously damage his car, and was then unable to stop until he had gone, according to Cochran's testimony, 35 yards or more beyond the point of collision.

We do not think that the defendant's own testimony is conclusive, in the face of the other testimony and the natural inclination of one charged with a delict to exculpate himself from blame. Testimony in the case disclosed certain facts and circumstances tending to discredit the defendant's account of the accident, and from which the jury might reasonably infer that he was negligent in one or more of the particulars alleged in the complaint.

As the trial Judge was bound, in directing a verdict for the defendant, to consider the testimony adduced and the inferences to be drawn therefrom most favorably to the plaintiff, we think that he committed error in not submitting the case to the jury.

Judgment reversed, and case remanded for a new trial.

Messrs. Justices Cothran, Blease and Carter and Mr. Acting Associate Justice Graydon concur.

Mr. Chief Justice Watts did not participate.